IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHOMARI NAEEM SHUAIBE
aka FELTON GUILLORY,

      Plaintiff,               1:07-cv-00775 ALA P

      vs.

JAMES TILTON, et al.,

      Defendants.           ORDER

                                /

      Plaintiff is a state prisoner proceeding pro se in this civil rights actions pursuant to 42 U.S.C. § 1983. On May 29, 2007, plaintiff filed a complaint. Review of that complaint finds that defendants are employees of a governmental entity.

**I**

      Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen complaints brought against a governmental entity or officer or employee of a governmental entity. The court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b). A claim "is frivolous [if] it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "At this stage of the litigation, [this court] must accept

[plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.*

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cr. 2006).  The court has reviewed plaintiff's May 29, 2007, complaint and finds that it states a colorable claim for relief against defendants Tilton, Grannis, F. Gonzalez, Carrasco, Johnson, Montano, Granillo and Snyder pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

**II**

However, plaintiff's complaint does not state a colorable claim for relief against defendants Pimentel, Sullivan, R.A. Gonzales or Villanueva.

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of 1983, if [that person] does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." *Hydrick*, 466 F.3d at 689  (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978)).  There is no respondeat superior liability under § 1983, and a person can only be subject to § 1983 liability for the acts of others "[i]n limited circumstances." *Id*.  "[A] supervisor is liable for the constitutional violations of subordinates, 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" *Id*.  (quoting *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989)).

Plaintiff's lone allegation against defendants Pimentel, Sullivan and R.A. Gonzales is that their "actions and omissions and policies violated plaintiff's" rights.  Complaint at 22.  There is no discussion of the acts or omissions of these defendants.  Such an allegation is vague and conclusory and as such does not state a claim for relief.  Therefore defendants Pimentel, Sullivan

and R.A. Gonzales must be dismissed.

Similarly, plaintiff's allegation against defendant Villanueva is that defendant Villanueva was ordered to get plaintiff a mattress, blanket and clothes and that defendant Villanueva did in fact give plaintiff those items. *Id*. at 19-20.  There is no allegation that defendant Villanueva's actions or omissions to act caused a violation of plaintiff's constitutional rights.  As such plaintiff has not stated a claim for relief against defendant Villanueva and defendant Villanueva will be dismissed.

## III

As stated above, plaintiff may proceed against defendants Tilton, Grannis, F. Gonzalez, Carrasco, Johnson, Montano, Granillo and Snyder .  To proceed against anyone else plaintiff must file a first amended complaint.  Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  FED. R. CIV. P. 10(B).  Plaintiff may join multiple claims if they are all against a single defendant.  FED. R. CIV. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  FED. R. CIV. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); FED. R. CIV. P.

84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); FED. R. CIV. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

The court (and defendants) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to FED. R. CIV. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

1     Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. FED. R. CIV. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* 15 CAL. ADMIN. CODE § 3005.

    A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

**IV**

    Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's claims against defendants Pimentel, Sullivan, R.A. Gonzales and Villanueva are dismissed for the reasons discussed above, with leave to file a first amended complaint within thirty-five (35) days from the date of this order. Failure to file a first amended complaint will result in defendants Pimentel, Sullivan, R.A. Gonzales and Villanueva being dismissed from this action. Plaintiff would then proceed against defendants Tilton, Grannis, F. Gonzalez, Carrasco, Johnson, Montano, Granillo and Snyder; and

    2. Upon filing a first amended complaint or expiration of the time allowed therefore, the court will make further orders for service of process upon some or all of the defendants.

/////

Dated: February 15, 2008            /s/ Arthur Alarcón
                                                  UNITED STATES CIRCUIT JUDGE
                                                  Sitting by Designation