IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Felton Guillory a.k.a. Shomari Naeem Shuaibe,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>James E. Tilton, et al.,<br><br>　　　　Defendants. | No. CV07-00775-ROS (PC)<br><br>**ORDER** |

　　　　Before the Court is Plaintiff's Motion to Amend Complaint (Doc. 45), Defendants' Motion for Judgment on the Pleadings (Doc. 47), Defendants' Motion for a Protective Order (Doc. 48), and Plaintiff's Motion for Appointment of Counsel (Doc. 49). As discussed, these Motions will be denied.

**BACKGROUND**

　　　　On May 29, 2007 Plaintiff filed a Complaint under 42 U.S.C. §§ 1983 and 1985(3), alleging various employees and officials of the California Department of Corrections and Rehabilitation ("CDCR") violated his rights under Constitutional Amendments I, V, VIII, and XIV. (Doc. 1). On February 19, 2008 and August 21, 2008, screening orders were issued dismissing Defendants Villanueva, R.A. Gonzalez, Pimentel, and Sullivan. (Docs. 8, 19). On August 7, 2009, the Court granted motions to dismiss by Defendants Tilton, Grannis, Carrasco, and F. Gonzales. (Doc. 42). The Court granted Plaintiff leave to file a motion to

amend the complaint to restate the claims against Defendants Tilton, Grannis, Carrasco, and F. Gonzalez. As the motion to amend will be denied, these Defendants will be terminated. The Defendants who will remain in this action after this Order are Granillo, Snyder, Montano, and Johnson.

## DISCUSSION

### I. Motion to Amend Complaint

#### A. Standard

Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave [to amend a pleading] when justice so requires." In determining whether leave to amend is appropriate, the district court considers the presence of four factors: "bad faith, undue delay, prejudice to the opposing party, and or/futility." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

#### B. Analysis

Plaintiff's Motion to Amend the Complaint will be denied because it would be futile. Plaintiff's proposed amended complaint does not cure the grounds cited by the Court when dismissing the claims against Defendants Tilton, Grannis, Carrasco, and F. Gonzalez. The proposed amended complaint also contains no new legal or factual claims against the other Defendants, and instead improperly attempts to incorporate the claims made against them in the original Complaint by reference.

Plaintiff's original Complaint alleges a campaign of harassment and retaliation, conducted by Correctional Officers Grannillo, Snyder and Montano, during Plaintiff's first days at CCI - Tehachapi. Plaintiff alleges he was targeted because of a previous violent confrontation between him and correctional officers at CCI - Los Angeles, where he had previously been incarcerated, and because he is Muslim. The Complaint states that the constitutional violations occurred between April 14, 2006 and April 21, 2006, and that Plaintiff filed a CDR Form 602 to initiate a formal grievance on April 20, 2006.

The Court dismissed the claims against Defendants Tilton, F. Gonzalez, Carrasco, and Grannis because the Complaint failed to sufficiently allege causation between any actions

1  by these Defendants and the constitutional violations alleged.  The Court determined that
2  Defendants Carrasco, F. Gonzalez, and Grannis could not have known of the violations until
3  after they ceased, and the Complaint failed to allege any factual basis suggesting Defendant
4  Tilton knew of the violations.

5        Plaintiff's proposed amended complaint contains no new factual allegations that
6  would support causation for the actions by these Defendants and the constitutional violations
7  he suffered.  The proposed amended complaint alleges it is reasonable and probable these
8  Defendants knew the practices had been occurring based on numerous 602 appeals submitted
9  by other inmates prior to the violations allegedly committed against Plaintiff.  This allegation
10 fails to state a claim because there is no "supervisory liability" under § 1983 based purely
11 on a supervisor's knowledge that employees have committed constitutional violations;
12 government officials are only liable for their own misconduct. *See Ashcroft v. Iqbal*, 129
13 S.Ct. 1937, 1949 (2009) ("In a § 1983 suit or a *Bivens* action—where masters do not answer
14 for the torts of their servants—the term 'supervisory liability' is a misnomer.  Absent
15 vicarious liability, each government official, his or her title notwithstanding, is only liable
16 for his or her own misconduct.")  Plaintiff fails to allege any purposeful conduct by these
17 Defendants that violated his constitutional rights.

18       Plaintiff's proposed amended complaint also improperly incorporates Plaintiff's
19 original Complaint by reference. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir.
20 1997).  Because an amended complaint supersedes the original, the latter is "treated
21 thereafter as non-existent." *Id.*  Because leave to amend would thus be futile, the Motion to
22 Amend will be denied.

23 **II.    Motion for Judgment on the Pleadings**

24       Defendants Carrasco, Gonzalez, Granillo, Grannis, Johnson, Montano, Snyder, and
25 Tilton filed a Motion for Judgment on the Pleadings.  The Motion, however, seeks judgment
26 on Plaintiff's "amended complaint."  Plaintiff was never given leave to file an amended
27 complaint, and his proposed amended complaint was never entered onto the docket.  As
28

1  discussed above, Plaintiff's Motion to Amend the Complaint will be denied. The Motion for
2  Judgment on the Pleadings is therefore moot.

3  **III.    Motion for a Protective Order**

4  Defendants Carrasco, Gonzalez, Granillo, Grannis, Johnson, Montano, Snyder, and
5  Tilton filed a Motion for a Protective Order. Defendants seek an order relieving them of the
6  obligation to respond to discovery requests by Plaintiff until after the Court's ruling on
7  Defendants' motion for judgment on the pleadings. As discussed above, the Motion for
8  Judgment on the Pleadings will be denied. The Motion for a Protective Order is therefore
9  moot.

10 **IV.    Motion for Appointment of Counsel**

11 Plaintiff filed a renewed Motion for Appointment of Counsel. As was stated in the
12 Order denying Plaintiff's previous request, district courts lack authority to require counsel
13 to represent indigent prisoners in § 1983 cases. *Mallard v. Untied States District Court for*
14 *the Souther District of Iowa*, 490 U.S. 296, 298 (1989). The Court has discretion to request
15 the voluntary assistance of counsel, but will only do so under exceptional circumstances. *See*
16 *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

17 Plaintiff fails to establish exceptional circumstances warranting this Court to request
18 voluntary counsel. Plaintiff repeats the arguments made in his previous motion that he
19 cannot afford counsel, his imprisonment will make it difficult to litigate the case, he has
20 limited knowledge of the law, the issues in his case are complex, and his case would be better
21 handled by legal counsel. The Court recognizes Plaintiff's concerns, but also recognizes, as
22 noted in the previous order denying Plaintiff's motion to appoint counsel, that Plaintiff is in
23 no different position than other pro se prisoner litigants. Plaintiff again fails to show that
24 there are exceptional circumstances in his case that warrant appointment of counsel.
25 Plaintiff's renewed motion to appoint counsel will be denied.

26 Accordingly,

27 **IT IS ORDERED** Plaintiff's Motion to Amend Complaint (Doc. 45) **IS DENIED.**
28 Defendants Tilton, F. Gonzalez, Carrasco, and Grannis are terminated.

- 4 -

1    **FURTHER ORDERED** Defendants' Motion for Judgment on the Pleadings (Doc.
2    47) **IS DENIED** as moot.
3    **FURTHER ORDERED** Defendants' Motion for a Protective Order (Doc. 48) **IS**
4    **DENIED** as moot.
5    **FURTHER ORDERED** Plaintiff's Motion for Appointment of Counsel (Doc. 49)
6    **IS DENIED.**
7    DATED this 3rd day of June, 2010.

_____
Roslyn O. Silver
United States District Judge