UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Felton Guillory, | No. CV07-00775-PHX-ROS (PC) |
| Plaintiff, | **ORDER** |
| vs. | |
| James E. Tilton, et. al., | |
| Defendants. | |

Plaintiff requests this Court order "prison officials to locate [eight] inmates and allow [Plaintiff] to speak with them telephonically, and to obtain a signed affidavit from them." (Doc. 53). In their Response, Defendants argue testimony from several of the potential witnesses would be inadmissible, outline a myriad of security concerns and argue Plaintiff should have first sought this information through discovery, not directly from the Court. (Doc. 60).

Plaintiff sought this information directly from the Court rather than from Defendants. Plaintiff should have propounded interrogatories regarding the current locations of inmates. *See O'Brien v. Seay*, No. 5:04cv228/SPM/EMT, 2006 WL 2556939 (N.D. Fla. August 31, 2006). It appears Plaintiff did serve interrogatories to Defendants because Defendants requested an extension to respond to Plaintiff's interrogatories, which was granted. Nothing prevented Plaintiff from seeking this information through interrogatories

by the September 7, 2010 discovery cut-off. (Doc. 52). Plaintiff's Motion was not the appropriate first step to locate and arrange telephone conversations with other inmates. "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Nothing in this Order shall be construed to extend the deadlines set forth in the Court's scheduling order (Doc. 52).

**IT IS HEREBY ORDERED** Plaintiff's Motion to Order Prison Officials to Locate Plaintiff Inmate Witnesses (Doc. 53) is **DENIED**.

DATED this 22nd day of October, 2010.

_____
Roslyn O. Silver
United States District Judge