IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Felton Guillory,<br><br>    Plaintiff,<br><br>vs.<br><br>James E. Tilton, et al.,<br><br>    Defendants. | No. CV-07-0775-ROS (PC)<br><br>**ORDER** |

Pending before the Court are Defendants' requests for evidentiary rulings and request to bifurcate (Doc. 84, at 9 and 13), and Plaintiff's motions in limine (Docs. 90, 97). This order resolves these pending requests and motions.

**A.     Background**

Plaintiff contends between April 14 and April 16, 2006, he was placed in an unheated cell that was at or below freezing, a swamp cooler blew unheated air into his cell, and Defendants organized this to "torture" him "Abu Ghraib style" based upon his Muslim faith. Defendants argue the evidence will show Plaintiff was confined to a properly heated cell.

/ / /

**B.     Plaintiff's Motions in Limine**

   **1.     Plaintiff's Motion in Limine to Bar Evidence of Psychiatric Condition (Doc. 90)**

Plaintiff moves to "bar any use or mention of his psychiatric history, medications, diagnoses, or any references to the Plaintiff's psychiatric therapy." (Doc. 90). Plaintiff argues the psychiatric records are irrelevant and privileged.

In response, Defendants clarify they seek to introduce two medical records. (Doc. 107). On one of the dates in question, April 14, 2006, Plaintiff informed a registered nurse he was "hearing voices or seeing things that are not there." (Doc. 107, at 2). On May 9, 2006, Plaintiff advised medical staff he had been experiencing visual and auditory hallucinations for several years. (Id.). Defendants argue the April 14, 2006 and May 9, 2006 medical records bear directly on Plaintiff's ability to accurately perceive the subject incident. Further, Plaintiff waived any privilege by disclosing his psychiatric condition, providing mental health records, and seeking emotional and mental distress damages.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The records of Plaintiff's hallucinations in close temporal proximity to the subject incident make Plaintiff's allegations more or less probable. The Court also finds the probative value of the evidence is high and is not outweighed by the danger of unfair prejudice. The two medical records on which Defendants seek to rely will be admitted subject to proper authentication and foundation. In addition, Plaintiff has disclosed his

medical records and condition and has placed his psychiatric health at issue by seeking emotional and mental distress damages.[1]

Plaintiff's motion in limine to exclude his psychiatric file or information (Doc. 90) will be denied.

**2.     Plaintiff's Motion in Limine to Bar Evidence of Prior Convictions (Doc. 97)**

Plaintiff moves in limine to bar Defendants from "using his present or prior convictions during trial." (Doc. 97). Plaintiff seeks to exclude the convictions because they "are more that [sic] a year old, and they do not involve acts of dishonesty." (Doc. 97). In response, Defendants argue Plaintiff applies the wrong legal standard and the convictions are admissible under Rule 609(a)(1) because the probative value of the convictions outweigh their prejudicial effect. (Doc. 105).

Under Rule 609(a), a party may attack the character for truthfulness of a witness by introducing evidence that a witness other than an accused has been convicted of a crime if the crime was punishable by death or imprisonment in excess of one year, subject to Rule 403. Fed. R. Evid. Rule 609. Felony convictions are generally admitted. *E.g., U.S. v. Bernal-Obeso*, 989 F.2d 331, 336 (9th Cir. 1999) ("felony convictions trench heavily upon such a person's credibility").

Under Rule 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

---

[1] On September 27, 2011 the Court granted Defendants' partial motion for summary judgment. (Doc. 76). In that order, the Court ruled Plaintiff may not seek emotional or mental distress damages because he has not alleged physical injury. (Id., at 15) (citing 42 U.S.C. § 1997e(e); *Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002)). As *Oliver* states, the physical injury prerequisite to emotional or mental distress damages does not apply to a prisoner's First Amendment rights. *Oliver*, 289 F.3d at 627, n.5 (citing *Canell v. Lightner*, 143 F.3d 1210 (9th Cir. 1998)). To the extent the Court's order can be read to exclude Plaintiff's emotional damages for his First Amendment claim, this order clarifies that issue. Plaintiff may seek emotional or mental distress damages only as to his First Amendment claim.

misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Defendants are "not planning to present evidence regarding Plaintiff's commitment offense or the circumstances of his crime." (Doc. 105). Defendants seek to introduce the fact that Plaintiff was convicted of three felonies in order to attack his credibility. (Id.). The Court finds the fact that Plaintiff has three felony convictions is admissible if Plaintiff takes the stand.

Plaintiff argues his conviction fails to meet the more stringent standard in Rule 609(b), which applies "if more than 10 years has passed since the witness's conviction or release from confinement for it, whichever is later." If he is still incarcerated, the 10-year period ends when the individual paroles. Fed. R. Evid. 609(b); *United States v. Rogers*, 542 F.3d 197 (7th Cir. 2008). Plaintiff's felony convictions are more than 10 years old, but he is still serving his sentence. (Doc. 105, at Ex. A). Therefore, Rule 609(b) does not apply.

Plaintiff's motion in limine to bar his felony convictions (Doc. 97) will be denied.

**C.     Defendants' Requests for Evidentiary Rulings**

     **1.     Evidence Re Dismissed Claims (Doc. 84, at 13)**

Defendants seek an evidentiary ruling that Plaintiff will "not be permitted to offer any evidence regarding [dismissed] claims during trial." (Doc. 84, at 13). Specifically, Plaintiff's claims that he was denied meals, his own mattress, toilet paper and soap have been disposed of at the summary judgment stage. (Doc. 76). Defendants argue testimony regarding these dismissed claims would merely confuse, mislead and prejudice the jury.

Evidence regarding meals, bedding, and hygiene items is irrelevant to the claims proceeding to trial and will be excluded. Fed. R. Evid. 401 and 402. Even if such evidence were relevant, its probative value would be minimal and would be substantially outweighed by "unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay." Fed. R. Evid. 403.

### 2. Plaintiff's Medical Opinion (Doc. 84, at 13)

Defendants seek an evidentiary ruling regarding Plaintiff's anticipated medical testimony. Defendants concede Plaintiff may testify what he experienced as a result of the subject incident. But Defendants argue "Plaintiff lacks competent medical expertise to offer opinions or inferences as to the nature and extent of his alleged injuries." (Doc. 84, at 13). As such, Defendants argue "Plaintiff cannot testify regarding diagnosis, opinions, inferences, or causation." (Id.).

Rule 701 provides, opinion testimony of non-expert witnesses is limited to opinions: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Defendants have not set forth any specific areas of testimony which they seek to exclude. As such, the Court cannot make a specific ruling and the motion is denied.

### 3. Defendants' Request to Bifurcate (Doc. 84, at 9)

Defendants seek to bifurcate the trial. Specifically, Defendants seek to bifurcate the amount of punitive damages, if any, until after the jury determines whether punitive damages are appropriate. (Doc. 84, at 9-10). Defendants propose the initial phase of the trial will determine whether Plaintiff's rights were violated, the amount of Plaintiff's compensatory damages, if any, and whether to award punitive damages. If the jury finds Plaintiff is entitled to punitive damages, "Defendants will testify for approximately five minutes regarding their financial net worth." (Id.). Defendants argue bifurcation is appropriate to "prevent Defendants' private information from unnecessarily being disclosed to an inmate." (Id.).

Bifurcation could require the jury to return to deliberations after the initial verdict. In light of the short duration of this trial, bifurcation will delay the proceedings and is not warranted. The Court will deny the request to bifurcate.

Accordingly,

**IT IS ORDERED** Plaintiff's motions in limine **(Docs. 90 and 97)** are **DENIED**.

1  **IT IS FURTHER ORDERED** Defendants' requests for evidentiary rulings **(Doc. 84, at 13)** are **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** Defendants' request to bifurcate **(Doc. 84, at 9-10)** is **DENIED**.

**IT IS FURTHER ORDERED** the Court's September 27, 2011 Order (Doc. 76, at 15) does not bar Plaintiff from seeking emotional or mental distress damages for his First Amendment claims.

DATED this 20th day of June, 2012.

_____
Roslyn O. Silver
Chief United States District Judge